The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Young. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for the addition of Finding of Fact Number 12.
* * * * * * * * * * * *
Prior to the hearing, the parties entered into a Pre-Trial Agreement. This Pre-Trial Agreement is incorporated herein by reference. Following the hearing, the depositions of Robert Blair, M.D., James Urbaniak, M.D., Charles Classen, M.D., and George Venters, M.D. were received into evidence. The objections raised therein are ruled upon in accordance with the law and this Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are properly before the Commission and the Commission has jurisdiction over the parties and the subject matter hereto.
2. Plaintiff was injured by accident, in the course and scope of his employment, on 21 June 1991 when he fell from a tree stand to the ground below. As a result of this fall, plaintiff sustained multiple fractures to his right ankle and lower leg.
3. Compensation has been paid to plaintiff as a result for this injury, except for the determination of the permanent partial disability compensation due, if any.
4. Pursuant to the I.C. Form 21, plaintiff's average weekly wage was $575.00, establishing a compensation rate of $383.35 per week.
5. The parties stipulated the admissibility of the medical records and the same have been received.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 21 June 1991 plaintiff sustained a severe axial loading injury when he landed straight legged from a fall of approximately twenty (20) feet which resulted in multiple fractures of his right tibia, fibula and ankle.
2. Plaintiff's treating physician, Dr. Robert Blair, has found that the plaintiff has a 75% permanent partial impairment to his right foot (leg below the knee) as a result of the injuries sustained by the fall on 21 June 1991.
3. Dr. Charles Classen, after performing two independent medical evaluations, has given plaintiff a rating of 20% to the whole leg and believes that the 75% rating to the foot by Dr. Blair is reasonable.
4. In April, 1995, plaintiff sought medical attention for pain in his right groin area which was diagnosed as a condition of avascular necrosis of the right hip. Plaintiff has sought and has received appropriate medical care for that condition which has included a vascularized fibular graft to the head of the right hip by Dr. James Urbaniak.
5. Dr. James Urbaniak is an expert in the treatment of avascular necrosis, having treated thousands of avascular necrosis patients. He is currently conducting a research study of avascular necrosis patients as to its cause.
6. Dr. Classen is an expert in orthopedic surgery. Dr. Classen examined plaintiff for the purpose of rating plaintiff for a permanent disability. Dr. Classen treats ten avascular necrosis patients per year.
7. Dr. Venters is an expert in orthopedic surgery. Dr. Venters has never examined plaintiff as a patient. In the past ten years, Dr. Venters has treated less than ten cases of avascular necrosis per year.
8. Dr. Blair is an expert in orthopedic surgery. Dr. Blair examines approximately ten cases of avascular necrosis per year. Dr. Blair referred plaintiff to Dr. Urbaniak when plaintiff's avascular necrosis was diagnosed.
9. According to Dr. Urbaniak, trauma from the admittedly compensable injury sustained on 21 June 1991, the axial loading fall and fractures, was the primary, or more likely cause of the development of avascular necrosis to plaintiff's hip.
10. The trauma sustained in the June, 1991 fall was sufficient to cause damage to the blood supply to the hip at the time of the fall, which directly leads to the condition of avascular necrosis.
11. At the time of the diagnosis of the condition in April, 1995, plaintiff had Stage IV avascular necrosis of the hip. This advanced stage of avascular necrosis means the disease had probably progressed over a couple of years.
12. As a result of treatment for the avascular necrosis resulting from the injury by accident, plaintiff was incapable of earning wages from 15 July 1995 through 31 October 1995.
* * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff is entitled to 108 weeks of permanent partial impairment compensation, as a result of the seventy-five percent rating to his right foot (leg below the knee) as a result of the fall on 21 June 1991. N.C. Gen. Stat. § 97-29.
2. Plaintiff is entitled to have defendants pay for medical treatment incurred as a result of the compensable injury, including treatment for avascular necrosis.
3. Plaintiff is entitled to temporary total disability for 15 July 1995 through 31 October 1995 as a result of his inability to earn wages during his treatment for the compensable avascular necrosis. N.C. Gen. Stat. § 97-29.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enter the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendants shall pay plaintiff for permanent partial disability of the right foot, 108 weeks of compensation calculated upon a compensation rate of $383.35 per week. Compensation due which has accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee hereinafter provided.
2. Subject to a reasonable attorney's fee herein approved, defendants shall pay plaintiff all accrued benefits under the Workers' Compensation Act for temporary total disability for the period of time for which he was out of work as a result of the treatment for his condition of avascular necrosis on 15 July 1995 through 31 October 1995. Compensation due, which has accrued, shall be paid to plaintiff in a lump sum, subject to the attorney's fee hereinafter provided.
3. Defendants shall pay medical expenses incurred or to be incurred as a result of the admittedly compensable injury, including the avascular necrosis, as approved according to procedures of the Industrial Commission for the treatment of that condition for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraphs 1 and 2 of this Award is approved for plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to his counsel. Consideration and designation of this attorney's fee contemplates that the counsel for the plaintiff shall continue and is HEREBY ORDERED to monitor the submission of medical expenses to defendant-employer.
5. As plaintiff has not yet reached maximum medical improvement from the treatment for the avascular necrosis, this Opinion and Award does not address the issue of impairment to the right leg. However, in the event that the parties should be unable to agree on the amount of compensation for permanent partial impairment to the right hip, which may be due, either party may request a hearing from the Commission to resolve this issue.
6. Defendants shall pay the costs.
This the 8th day of July 1997.
 S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ COY M. VANCE COMMISSIONER
S/ __________________ MARY MOORE HOAG DEPUTY COMMISSIONER
DCS:jmf